IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRAIG WAYNE MOORE, § | | |
| TDCJ #1204662, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-10-2510 | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

The petitioner, Craig Wayne Moore (TDCJ #1204662, former TDCJ #940418, #709254), seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. The respondent has answered with a motion to dismiss (Docket No. 8), arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Moore has not filed a reply and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

### I.    BACKGROUND

Moore is currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ") as the result of a conviction entered against him on October 28, 2003, in cause number 964447. A jury in the 28th District Court for Harris County, Texas, found Moore guilty of committing murder in that

case. After finding that Moore had at least one prior felony conviction, the trial court sentenced him to serve 47 years' imprisonment.

Moore filed a direct appeal to challenge his conviction. In that proceeding, Moore complained that the trial court erred by sustaining the state's objections and excluding certain testimony that would have been helpful to his defense. The intermediate court of appeals rejected all of Moore's arguments and affirmed the conviction after making the following summary of the facts presented at trial:

> Moore shared an apartment with his girlfriend, Colleen LaPoint, and his two children. LaPoint was sexually involved with the deceased complainant, Joshua Harris. Harris often gave LaPoint money or narcotics in exchange for sexual relations. LaPoint testified that, in the early morning hours of March 14, 2002, Harris picked her up from the apartment parking lot and brought her to his apartment, where they engaged in sexual relations. LaPoint further testified that she returned to her and Moore's apartment around forty-five minutes after visiting Harris. Moore arrived at their apartment soon thereafter, and demanded that LaPoint produce either the money or narcotics that he believed she should have received from Harris. After LaPoint answered that she did not have any narcotics or money, Moore became angry and demanded that LaPoint find and give him his gun. During her search for his gun, Moore stabbed LaPoint. He then forced LaPoint to take him to Harris's apartment and to knock on his door. After Harris opened the door, Moore held the gun up to Harris's head, began cursing at him, and requested money for LaPoint's earlier encounter with him. Moore then fired his gun into Harris's face, fatally wounding him.
>
> Contrary to LaPoint's description of the events, Moore testified that he went to Harris's apartment to pick up LaPoint only after receiving a phone call from Harris. As Harris opened his apartment door, Moore saw LaPoint standing inside. Harris began yelling at Moore, a struggle ensued, and the gun accidentally discharged, killing Harris.
>
> Both Lapoint and Moore testified that, after Moore shot Harris, they returned to their apartment, called a family member to come pick them up,

and went to his mother's residence in Humble. Authorities arrested Moore for Harris's murder during the following week.

*Moore v. State*, No. 01-03-01143-CR, 2005 WL 327170 (Tex. App. — Houston [1st Dist. Feb. 10, 2005). Moore did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

Moore now seeks a writ of habeas corpus to challenge his 2003 murder conviction under 28 U.S.C. § 2254. In a petition filed on July 8, 2010,[1] Moore seeks relief from his conviction on the grounds that he was denied due process at his trial. In an attachment to the petition, Moore complains that the jury was racially "unbalanced." Moore appears to claim further that the jury engaged in misconduct by receiving unspecified information that was not admitted at trial. In addition, Moore complains that the trial court erred by refusing his request for a jury instruction and by using a previous felony conviction to enhance the sentence. The respondent argues that the petition must be dismissed as untimely under the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). The respondent's motion is discussed further below under the governing standard of review.

---

[1] The Clerk's Office received the petition on July 14, 2010, and filed it the same day. The petition is dated July 8, 2010, indicating that the petitioner placed his pleadings in the prison mail system on that date. Under the "mailbox rule," a reviewing court treats the date a *pro se* prisoner deposits his habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

The respondent observes that Moore has engaged in substantial delay and argues that the petition must be dismissed as untimely.  According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

As outlined above, Moore challenges a murder conviction that was entered against him on October 28, 2003.  Where a state court conviction is at issue, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Moore's direct review concluded on February 10, 2005, when the intermediate court of appeals affirmed his conviction.  Although he did not appeal further, Moore had thirty days, up to and including March 13, 2005, to file a petition for discretionary review with the Texas Court of Criminal Appeals.   Thus, Moore's conviction became final on that date. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).  The deadline to file a habeas corpus petition in federal court expired one year later on March 13, 2006.  Moore's pending petition, dated

July 8, 2010, is late by more than four years and is therefore time-barred unless an exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. A state application for collateral review is "*properly* filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). In other words, "a properly filed [state] application [for collateral review] is one submitted according to the state's procedural requirements." *Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006) (quoting *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002)).

The record reflects that Moore filed an initial state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure on September 11, 2007, which the Texas Court of Criminal Appeals dismissed on December 19, 2007, for failure to comply with state procedural rules. *See Ex parte Moore*, No. 69,040-01. Moore filed a second state habeas corpus application on May 15, 2009. The Texas Court of Criminal Appeals denied relief, without a written order, based on findings made by the trial court. *See Ex parte Moore*, No. 69,040-02. Moore's first state habeas proceeding was not "properly filed." *Causey*, 450 F.3d at 605. More importantly, because both of these state habeas proceedings were filed after the AEDPA limitations period had already expired, neither one has any tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d

260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Moore has not filed a reply to the respondent's motion to dismiss. The pleadings raise no other basis for tolling the limitations period and the record does not disclose any. In that regard, Moore has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Moore has made no effort to explain his delay and the record does not otherwise show that he pursued relief with the requisite diligence to warrant tolling for equitable reasons. *See Holland v. Florida*, ─ U.S. ─, 130 S. Ct. 2549, 2562 (2010) (clarifying that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing'")(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Because there is no statutory or equitable basis to save the petitioner's late-filed claims, the Court concludes that the petition is untimely and that the respondent's motion to dismiss must be granted.

### III. CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal

may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th

Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fourteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss (Docket No. 8) is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 24th day of November, 2010.

_____
Kenneth M. Hoyt
United States District Judge